# EXHIBIT "1"

Person/Attorney Filing: David W Dow CITY CLERK DEPT.
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016 2021 JAN -8 PM 1:01
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

RECEIVED
CITY OF PHOENIX
CITY ATTORNEYS OFFICE
2021 JAN -8 PM 3:29

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

William Humphrey, et al.
Plaintiff(s),
v.
City of Phoenix
Defendant(s).

Case No. **CV2021-000252**

**SUMMONS**

To: City of Phoenix

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *January 07, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *JENELA FIERRO*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**CV2021-000252**

**Plaintiff's Attorneys:**

David W Dow
Bar Number: 007377, issuing State: AZ
Law Firm: Dow Law Office
3104 E Camelback Rd. #281
Phoenix, AZ 85016
Telephone Number: (602)550-2951
Email address: Ddowlaw1@gmail.com

Jennifer L Levine - Primary Attorney
Bar Number: 033071, issuing State: AZ
Law Firm: Dow Law Office
Telephone Number: (602)550-2951

Benjamin Taylor
Bar Number: 023868, issuing State: AZ
Law Firm: Taylor and Gomez LLP
Telephone Number: (602)325-8007

**Plaintiffs:**

William Humphrey
3104 E Camelback Rd. #281
Phoenix, AZ 85016

Dion Humphrey
3104 E Camelback Rd. #281
Phoenix, AZ 85016

**Defendant:**

City of Phoenix
200 West Washington Street
Phoenix, AZ 85003

Discovery Tier t3

AZturboCourt.gov Form Set #5304505

Case Category: Tort Non-Motor Vehicle
Case Subcategory: other

Clerk of the Superior Court
*** Electronically Filed ***
J. Fierro, Deputy
1/7/2021 11:17:21 AM
Filing ID 12402867

CITY CLERK DEPT.

2021 JAN -8 PM 1: 01

1  David W. Dow (#007377)
2  Jennifer L. Ghidotti (#033071)
   **DOW LAW OFFICE**
3  3104 E. Camelback #281
   Phoenix, Arizona 85016
4  Phone: 480.776.5039
5  Fax: 480.945.0553
   Ddowlaw1@gmail.com; Jlevine@ddowlaw.com
6  *Attorneys for Plaintiffs*

7  Benjamin Taylor
8  **Taylor & Gomez, LLP**
   2600 North 44th Street, Suite B-101
9  Phoenix AZ, 85008
10 BT@taylorgomezlaw.com
   *Attorney for Plaintiffs*

11

12                **SUPERIOR COURT OF ARIZONA**
                      **MARICOPA COUNTY**
13

| 14  DION HUMPHREY, an individual; and  | Case No. **CV2021-000252** |
| WILIAM HUMPHREY, an individual, | |
| 15 | **COMPLAINT** |
| 16        Plaintiffs, | |
| 17  v. | |
| 18  CITY OF PHOENIX, a municipal entity; | |
| JOHN AND/OR JANE DOES I-X, | |
| 19  individual(s) acting under the color of law; | |
| 20  ABC CORPORATIONS I-X; and XYZ | |
| LLCs I-X | |
| 21 | |
| 22        Defendants. | |

23

24       Plaintiffs Dion Humphrey and William Humphrey, hereby file their Complaint
   against Defendants and allege as follows:
25                **PARTIES | JURISDICTION | VENUE**

26

1

1. Plaintiff Dion Humphrey ("Dion") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

2. Plaintiff William Humphrey ("William") is an individual and at all relevant times was a resident of Maricopa County, Arizona

3. Defendant City of Phoenix ("COP") is a municipal entity within the geographic bounds of Maricopa County, Arizona. Defendant Phoenix Fire Department ("Fire") is a department of the City of Phoenix and thus is believed not to be a jural entity. At all times relevant to this Complaint, COP was responsible for the policies, practices, customs and procedures of Fire.

4. Defendants John and/or Jane Does are the unnamed, as-yet unidentified individuals, including but not limited to any and all Phoenix Fire Department personnel that were present during the incident and may be responsible in part for the actions/inactions described herein.

5. At the time of events relevant herein, the individual Defendants were acting within the course and scope of their employment with City of Phoenix, a governmental entity.

6. Upon information and belief, JOHN AND/OR JANE DOES I-X; ABC Corporations I-X; and XYZ LLC's I-Z are corporations, partnerships, limited liability companies, individuals or other incorporated or unincorporated associations whose true name are presently unknown to Plaintiffs, but who are or may be liable to Plaintiffs for the inactions and actions alleged in Plaintiffs' Complaint. If and when the true names of such fictitious defendants become known, Plaintiffs will seek leave of the Court to amend their Complaint to set forth their true names, capacities and relationships and request that the Amended Complaint relate back to the date this Complaint was filed. Such entities may be responsible for the actions/inactions described herein.

7. Jurisdiction and venue are proper in Maricopa County, Arizona since Defendants reside and/or caused events to occur in Maricopa County, from which the facts give rise to this Complaint occurred.

8. This court has personal and subject matter jurisdiction over the parties and this Complaint. This is a Tier Three case for purposes of discovery and scheduling and is not subject to arbitration.

9. Plaintiffs demand a jury trial on all issues triable by a jury.

## FACTS GENERAL TO ALL COUNTS

10. According to information contained in Phoenix Police Report Incident #2020000000048171 and supplements thereto, Phoenix Police worked in conjunction with Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in an attempt to find a suspect, Khalil Thornton ("Thornton").

11. On January 10, 2020, in Phoenix, Arizona and based on information contained in the above referenced Phoenix Police Report, an unknown "Detective" claimed to have an "eye" on Dion's home and allegedly reported that the "suspect" was seen leaving Dion's home. The "suspect", however, was not Thornton but instead Plaintiff Dion Humphrey.

12. At the time of the incident, Dion was 19 years old, weighed approximately 110 pounds and suffered from heart issues, sickle cell anemia and asthma. These health problems are ongoing. Dion is an African American young male and his Sickle Cell Anemia disability makes Dion very fragile and appear prepubescent.

13. As Dion walked home, Dion saw an unknown vehicle that he believed could be anyone and heard what he believed was a bomb. In fear for his life, Dion began to run to safety. Dion did not know that any vehicles in his location were police vehicles, nor did he know that police were in his location at all.

3

14. Based on information contained in his Report, Phoenix Police Officer Langeliers ("Langeliers") witnessed a "noise flash diversionary device" deployed approximately 15-yards away from Dion and upon information and belief, this noise flash diversionary device was what Dion believed was a bomb. It is unknown who deployed this noise flash diversionary device.

15. Upon information and belief, Langeliers also witnessed Dion being shot with an "Arwen round impact".

16. Upon information and belief, the Arwen was deployed by Police Officer Raymond Meschnark ("Meschnark"). Meschnark deployed two AR-1 impact rounds, one of which struck Dion in his left chest immediately over his heart.

17. Upon information and belief, Langeliers then grabbed 110-pound Dion, slammed Dion to the ground face down and using his body weight, Langeliers placed his foot on Dion's back with enough force to prevent Dion from getting up.

18. Upon information and belief, Langeliers lowered himself onto Dion so that Langeliers' knee was pressed into Dion's back while Langeliers held Dion at gun point.

19. Upon information and belief, other unknown and yet identified officers from the Phoenix Police Department Special Assignments Unit ("SAU") approached and grabbed Dion and forced Dion's hands into handcuffs.

20. Upon information and belief, Meschnark then contacted Dion and Dion told Meschnark that he was Dion Humphrey.

21. Meschnark observed a red mark on Dion's chest consistent with an AR-1 impact. Based on information contained in the police report, Meschnark then requested the Fire Department respond to the location.

22. Dion advised Phoenix Police that he has both sickle cell anemia and asthma on several occasions.

4

23. Upon information and belief, Phoenix Police Officer Paul Flaven ("Flaven") arrived on scene and transported Dion to Phoenix Fire due to having been struck in the left chest with an AR-1 round.

24. Upon information and belief, Dion was transferred to 15th Ave and Burgess Lane where Phoenix Fire Department allegedly "completed their check on Dion's health".

25. According to Flaven, he advised an unknown, unidentified Fire Personnel about the AR-1 impact and that it struck Dion in his chest.

26. Dion also advised the unknown, unidentified Fire Personnel that he has both sickle cell anemia and asthma on several occasions.

27. Dion showed a serious medical need as Dion was shot near his heart with a rubber bullet, Dion had a noticeable red mark covering the area immediately over Dion's heart, Dion complained of left chest pain and thought that he was bleeding from his chest; despite this serious medical need, Dion was never taken to the Hospital.

28. Despite the fact that Dion suffered a traumatic chest injury that resulted in a myocardial contusion, which was evidenced by a round mark on Dion's left chest and Dion complained of pain in his left chest, the unknown and unidentified Fire Personnel stated it was a minor wound and additional medical attention was not needed.

29. Instead of receiving proper medical attention, such as transporting Dion to a Hospital, Flaven signed Fire's "waiver" because Dion was not transported to the Hospital, all of which denied, delayed and/or intentionally interfered with Dion's medical treatment.

30. Dion - who police knew was not the "suspect" as Police knew that he was Dion Humphrey and not Khalil Thornton - endured a four-hour interrogation and approximately seven hours in police custody without appropriate medical care (if any at all)

5

## CITY OF PHOENIX RECORDS REQUESTS

31.    Plaintiffs made numerous informal requests and a subsequently a formal request for a copy of the Police Report in this matter in April 2020.

32.    Despite repeated requests for copies of the Report, Plaintiffs did not receive a copy of the Police Report until August 14, 2020.

33.    Defendant City of Phoenix made the conscious decision to fail to provide Plaintiffs with a copy of the Police Report until August 14, 2020 and as a result, Plaintiffs became aware of additional facts and served a second timely Notice of Claim under A.R.S. 12-821.01.

## DAMAGES

34.    Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

35.    When Dion was finally released, Dion's father, William Humphrey, took Dion to Phoenix Children's Hospital where he was treated for his serious medical injuries. He was admitted to Phoenix Children's Hospital with injuries to the chest and was examined due to an onset of hypoxia, concern for pulmonary hypertension and cardiac failure. Dion was diagnosed with a myocardial contusion and secondary ischemic injury.

36.    As a direct result of Phoenix Police Department, Dion remained in Phoenix Children's Hospital from January 10, 2020 until he was discharged on January 21, 2020.

37.    Dion remained in the Intensive Care Unit for approximately four (4) days and was initially hospitalized for approximately eleven (11) days before being released.

38.    Dion has seen various doctors over the past year and has spent additional days in the hospital for treatment.

6

1    39.    Dion suffered serious medical injuries related to his chest and heart,

2  including but not limited to a cardiac contusion; he has experienced irreparable physical

3  and mental damage.  As such, Dion suffered a severe, permanent, and disabling injuries

4  that substantially interferes with his capacity to interact with William in a normally

5  gratifying way.

6    40.    As a direct and proximate result of Defendants actions and/or inactions,

7  Dion and William suffered damages more thoroughly described herein.

8    41.    As a direct and proximate result of Defendants' acts and omissions, Dion

9  has incurred damages in the form of medical expenses, severe physical injuries, pain and

10  suffering, severe emotional distress, mental anguish, diminished earning capacity,

11  diminished quality of life, which are all caused by the violation of his rights under the

12  United States Constitution, Arizona Constitution and Arizona law.

13    42.    As a direct and proximate result of Defendants acts and omissions, William

14  has suffered damages. He has suffered severe emotional distress, lost wages, loss of

15  society, companionship, care, support, and affection and loss of consortium due to Dion's

16  severe, permanent, and disabling injury that substantially interferes with Dion's capacity

17  to interact with William in a normally gratifying way due to the hospitalization and

18  related injuries as well as the emotional trauma his son has gone through.

19    43.    The actions/inactions of the Defendants as set forth above show an evil

20  mind and malice given that Phoenix Fire Department knew of Dion's health conditions

21  and his severe chest pain, saw a visible wound and yet failed to provide Dion with any

22  substantive care or instruction to get emergency treatment from a Hospital.

23

**COUNT ONE**
24  **Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Violation of Fourteenth**
**Amendment Substantive Due Process and 8th Amendment): Deliberate Indifference**
25  **to Serious Medical Needs**

26

7

***By Plaintiffs against all individual Fire Personnel Defendants, including the unknown and not yet identified Defendant(s) ("Individual Defendant(s)").***

44.     Plaintiffs hereby incorporate by reference all paragraphs as though fully set forth herein.

45.     Dion had a liberty interest in his life, his liberty and medical treatment after he was shot with rubber bullets, tackled to the ground and otherwise assaulted by Phoenix Police Department's officers.

46.     The circumstances of Dion's interactions with the unknown, not yet identified Fire Personnel(s) ("Individual Defendant(s)") shock the conscience.

47.     Despite the fact that Dion complained of pain in his left chest, an unknown, not yet identified Fire Personnel(s) ("Individual Defendant(s)") did nothing more than a cursory examination of Dion and allowed Phoenix Police Officer Flaven to sign a waiver so that Dion could be taken to the Police Station rather than bringing Dion to the Hospital for the necessary medical treatment.

48.     Individual Defendant(s) did not ask Dion whether he wanted to be taken to the Hospital, nor did they conduct a thorough examination of the wound surrounding Dion's heart.

49.     Any reasonable Fire personnel in Individual Defendant(s) position would have known that a chest wound over an individual's heart and subsequent complaints of chest pain warrants adequate and prompt medical attention, especially considering Dion verbalized his chest pain on multiple occasions, and the failure to treat Dion's condition could result in further significant injury or the unnecessary and wanton infliction of pain.

50.     Instead of providing adequate medical care, Individual Defendant(s) were deliberately indifferent to Dion's medical needs when they denied, delayed and/or intentionally interfered with Dion's medical treatment when they allowed Dion to transported by police into custody without appropriate medical care (if any at all).

51.     Individual Defendant(s) actions and/or inactions caused Dion's harm.

52.     The actions of Individual Defendant(s) and John/Jane Does were callous and deliberately indifferent to the medical needs of Dion.

53.     Individual Defendant's encounter with Dion provided ample opportunity for Individual Defendant(s) to assess whether Dion's injuries required additional medical treatment than just a cursory and superficial checkup.

54.     Individual Defendant(s) were deliberately indifferent to Dion's life, safety, health and integrity and/or acted with a purpose to cause harm unrelated to their legitimate law enforcement objective, when, upon information and belief, Individual Defendant(s) was told, at minimum, Dion endured the AR-1 impact, Individual Defendant(s) saw the bruising on Dion's chest and was told by Dion that he had chest pain, yet Individual Defendant(s) failed to provide proper and adequate medical aid.

55.     As such, Individual Defendant(s) were afforded time to deliberate over whether proper medical care was provided to Dion as Dion was in custody and there were no competing public safety obligations, yet Individual Defendant(s) failed to provide proper medical aid.

56.     Individual Defendant(s) actions/inactions were medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to Dion's health.  When Dion was finally released, Dion's father took Dion to Phoenix Children's Hospital where he was treated for his serious medical injuries. He was admitted to Phoenix Children's Hospital with injuries to the chest and was examined due to an onset of hypoxia, concern for pulmonary hypertension and cardiac failure. Dion was diagnosed with a myocardial contusion and secondary ischemic injury.

57.     As a direct result of Phoenix Police Department, Dion's father, William Humphrey, took Dion to Phoenix Children's Hospital on January 10, 2020 where he was admitted until he was discharged on January 21, 2020.

58. Dion remained in the Intensive Care Unit for approximately four (4) days and was initially hospitalized for approximately eleven (11) days before being released.

59. Dion has seen various doctors over the past nine months and spent additional days in the hospital for treatment.

60. Dion suffered serious medical injuries related to his chest and heart, including but not limited to a cardiac contusion; he has experienced irreparable physical and mental damage. As such, Dion suffered a severe, permanent, and disabling injuries that substantially interferes with his capacity to interact with William in a normally gratifying way.

61. Dion's underlying physical injuries and pain and suffering were exacerbated when Individual Defendant(s) failed to provide adequate medical treatment and/or failed to ensure Dion was taken to the Hospital for emergency medical treatment; and instead, Individual Defendant(s) provided a waiver to Phoenix Police Department, which led to the subsequent detention of Dion for seven (7) hours by Phoenix Police Department without receiving adequate medical aid.

62. Dion's substantive due process rights were violated and he sustained damages as fully set forth herein.

63. As a direct and proximate result of Defendants actions and/or inactions, Dion suffered severe personal injuries as more thoroughly described herein.

64. As a direct and proximate result of Defendants actions and/or inactions, William suffered damages more thoroughly described herein

### COUNT TWO
***Monell* Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Deliberate Indifference to Serious Medical Needs: Unconstitutional Policy and Custom; Failure to Supervise & Discipline; Failure to Train; Negligent Hiring)**
***– By Plaintiffs against Defendant City of Phoenix.***

65.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

66.     Prior to the January 10, 2020 incident with Dion, Phoenix Fire Department ("Fire") routinely interacted with citizens of Phoenix.

67.     Prior to the January 10, 2020 incident with Dion, City of Phoenix knew that if it did not have adequate policies and procedures applicable to all Fire personnel handling encounters with citizens that such would result in the deprivation of United States citizens' constitutional rights. Specifically, these policies and procedures include, but not limited to: (1) ensuring fitness for duty and/or professional competence; (2)     , ensuring adequate Fire Personnel training and supervision with regard to providing adequate medical treatment after the use of force by police officers; (3) ensuring that the injured party has an opportunity to decide their own medical treatment; creating a policy that allowed Officer Flaven to execute a "waiver" because Dion was not taken to the hospital; and (4) ensuring that civilian injuries impacting their major organs be properly treated.

68.     City of Phoenix, through Fire, has either failed to implement policies and procedures, has failed to train or has failed to supervise its employees regarding policies and procedures including, but not limited to: (1) ensuring fitness for duty and/or professional competence; (2) ensuring adequate Fire personnel training and supervision with regard to providing adequate medical treatment after the use of force by police officers; and/or (3) ensuring that civilian injuries that impact major organs are properly treated, which includes, but is not limited to requiring hospital attention for all wounds to the chest. This failure amounts to a policy or custom that reflects a deliberate indifference to the constitutional rights of its inhabitants.

69.     Defendant City of Phoenix's failure to train and/or supervise its employees on how to property evaluate a detainees medical condition so that adequate medical

11

attention can be provided amounts to a deliberate indifference to the constitutional rights of Plaintiffs and Plaintiffs would not suffered the additional injuries had City of Phoenix adequately trained its medical personnel.

70.    Upon information and belief, the City of Phoenix has also created an unconstitutional policy or procedure which allows Phoenix Police Officers to execute medical waivers on behalf of United States Citizens, which amounts to a policy or custom that reflects a deliberate indifference to the constitutional rights of its inhabitants.

71.    Defendant City of Phoenix has failed to train its Fire Personnel and/or has failed to implement policies and procedures to determine if and when executing a "waiver" over transporting to a Hospital is appropriate.

72.    Defendant City of Phoenix's failure to train its employees to determine if and when executing a "waiver" over transporting to a Hospital is appropriate amounts to a deliberate indifference to the constitutional rights of Plaintiff. The deprivation of Plaintiff's constitutional rights would have been lessened if Dion was taken to a Hospital, which would have occurred had Defendant City of Phoenix properly trained its Fire Personnel when it is medically necessary to transport an injured citizen to a Hospital.

73.    Notwithstanding this knowledge, City of Phoenix's final policymakers, including its Fire Chief, Kara Kalkbrenner, made a deliberate and conscious decisions to create inadequate policies and procedures, if any at all, and including but not limited to creating a policy that provides for a police officer to sign a "waiver" so that a severely injured person can be taken into police custody rather than going to a hospital.

74.    Notwithstanding this knowledge, City of Phoenix's final policymakers, including its Fire Chief, Kara Kalkbrenner, deliberately and consciously adopted unconstitutional policies and/or encouraged, tolerated, or ratified unconstitutional widespread practices and customs.

12

75. The policies or customs/practices of Defendant City of Phoenix directly and proximately caused the violation of Dion's constitutional rights and other damages as more fully set forth herein.

76. Defendant City of Phoenix directly and proximately caused the violation of Dion's constitutional rights and other damages as more fully set forth herein, with its encouragement, toleration, ratification, and deliberate indifference to the policies, or patterns, practices, and customs, as well as its deliberate indifference to the need for more or different employment screening, training, supervision, investigation, or discipline based on the circumstances contained herein.

77. Dion was harmed when his underlying physical injuries and pain and suffering were exacerbated by Fire's failure to provide adequate medical treatment and/or failed to ensure Dion was taken to the Hospital for emergency medical treatment; instead, Fire provided a waiver to Phoenix Police Officer Flaven, who executed the waiver, which led to the subsequent detention of Dion for seven (7) hours by Phoenix Police Department without receiving adequate medical aid.

78. City of Phoenix, through Phoenix Fire Department's failure to provide Dion with the necessary medical care caused, at minimum, Dion extreme pain and suffering.

79. City of Phoenix, through Phoenix Fire Department, has either failed to implement policies and procedures, failed to train or failed to supervise its employees regarding providing proper and timely medical treatment to those upon which force has been used, to implement mandatory training in regards to medical treatment.

80. Defendant City of Phoenix directly and proximately caused the violation of Dion's constitutional rights, his injuries and other damages as more fully set forth herein, with its encouragement, toleration, ratification, and deliberate indifference to the policies, or patterns, practices, and customs, as well as its deliberate indifference to the need for

13

more or different employment screening, training, supervision, investigation, or discipline in the area of providing proper medical treatment.

81.     As a direct and proximate result of Defendants actions and/or inactions, William and Dion have suffered damages more thoroughly described herein

## COUNT THREE
### Arizona Law Claims for Negligence (ordinary & gross)
### Plaintiffs against All Defendants

82.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

83.     It was the duty of Defendants, including Individual Defendants(s) to exercise reasonable care in their interactions with Dion.

84.     Defendants, including Individual Defendant(s), breached that duty, and were ordinarily and grossly negligent when Defendants erroneously concluded that Dion's wound was "minor", that additional medical attention was not needed and that it was only a "small superficial wound" despite the fact that (1) Fire was advised about the sage round that it struck Dion on his chest immediately above his heart; (2) Dion complained of chest pain in his left chest area; and (3) there was a red mark on the lower part of Dion's left chest.

85.     Dion's injury was clearly not minor and did require additional medical attention as due to his chest wound, Dion was subsequently admitted to Phoenix Children's Hospital with injuries to the chest and was examined due to an onset of hypoxia, concern for pulmonary hypertension and cardiac failure. Dion was diagnosed with a myocardial contusion and secondary ischemic injury and remained in Phoenix Children's Hospital from January 10, 2020 until he was discharged on January 21, 2020.

86. Dion remained in the Intensive Care Unit for approximately four (4) days and was initially hospitalized for approximately eleven (11) days before being released.

87. As a direct and proximate result of Individual Defendant(s) actions/inactions, Dion sustained severe injuries that could affect him for the rest of his life.

88. At all relevant times, Individual Defendant(s) were acting within the course and scope of employment with the Defendant City of Phoenix and the City of Phoenix is therefore vicariously liable for the acts and omissions of Individual Defendant(s).

89. Defendant City of Phoenix and Phoenix Fire Department owed Dion a duty of reasonable care.

90. Defendant City of Phoenix and Phoenix Fire Department breached that duty, and were ordinarily and grossly negligent, when they failed, as more fully outlined above, to implement adequate policies and procedures regarding medical treatment and upon information and belief, implemented a policy that allows Phoenix Police Department to execute a "waiver" instead of bringing an injured individual to a Hospital.

91. Defendant City of Phoenix through Phoenix Fire Department also breached its duty when it negligently supervised and/or retained Individual Defendant(s) who it either knew or should have known was not competent, which was evidenced by, but is not limited to Individual Defendant(s) clearly erroneously decision to not bring Dion to a Hospital, despite the fact that Individual Defendant(s) was told, at minimum, Dion endured the AR-1 impact, Individual Defendant(s) saw the bruising on Dion's chest immediately over Dion's heart and was told by Dion that he had chest pain, yet Individual Defendant(s) failed to provide proper and adequate medical aid, including failing to get Dion treated at a Hospital.

92.     As a direct and proximate result of Defendants' conduct, Dion sustained injuries including great physical injuries, pain and mental anguish, as well as the loss of earning power and earning potential and deprivation of the normal activities and pursuits and pleasures of life.

93.     As a direct and proximate result of Defendants' actions and/or inactions, William suffered damages as more thoroughly described herein.

## COUNT FOUR:
**Intentional Infliction of Emotional Distress**
*Plaintiffs against all Defendants*

94.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

95.     At all relevant times, Defendants were acting within the course and scope of employment with the Defendant City of Phoenix and the City of Phoenix is therefore vicariously liable for the acts and omissions of Defendants.

96.     Individual Defendant(s) made the conscious decision to provide nothing more than a cursory and superficial medical examination on Dion, which it knew or should have known was not sufficient considering the location of the wound.

97.     Individual Defendant(s) Defendants made the conscious decision to ignore Dion's statements that his left chest hurt and failed to provide adequate medical aid despite the fact that: (1) Fire was advised about the sage round that it struck Dion on his chest immediately above his heart; (2) Dion complained of chest pain in his left chest area; and (3) there was a red mark on the lower part of Dion's left chest.

98.     Individual Defendant(s) also made the conscious decision to not bring Dion to the Hospital, despite the clear medical need for additional medical treatment.

16

99.    Individual Defendant(s) made the conscious decision to provide Phoenix Police Officer Flaven with a waiver because Fire did not bring Dion to the Hospital.

100.    Defendants, through their conduct, either intended to inflict emotional distress or knew that severe emotional distress would result to Dion when they committed the actions/inactions described herein

101.    Defendants' conduct was extreme and outrageous when Defendants failed to render adequate medical aid to Dion dispute the fact that Dion expressed on multiple occasions that he had left chest pain, which is immediately above Dion's heart.

102.    As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been severely damaged, including but not limited to severe emotional distress, as more fully set forth herein

**PRAYER FOR RELIEF:**

WHEREFORE, for the foregoing reasons, Plaintiffs Dion and William Humphrey request the following against all Defendants:

A.    Judgment in favor of Plaintiffs in an amount to be proven at trial, including compensatory damages; pain and suffering damages; loss of income; medical and physical expenses; emotional damages; loss of enjoyment of life; loss of wages; loss of consortium and diminution in earning capacity.

B.    Pre and post judgment interest at the highest permissible rate;

C.    Punitive damages against all Individual Defendants under Federal law and to the extent allowed under State law;

C.    Reasonable attorneys' fees and costs to the extent allowed under state and federal law;

D.    Trial by jury as to all issues so triable; and,

E.    For such relief to which Plaintiffs may appear entitled and is just and proper.


DATED this 7th day of January, 2021.


**DOW LAW OFFICE**

By:    */s/ David Dow*
David W. Dow
Jennifer L. Ghidotti
**DOW LAW OFFICE**
3104 E. Camelback #281
Phoenix, Arizona 85016
*Attorneys for Plaintiffs*

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

William Humphrey, et al.
Plaintiff(s),
v.
City of Phoenix
Defendant(s).

Case No.  CV2021-000252

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: David W Dow /s/
Plaintiff/Attorney for Plaintiff

David W. Dow (#007377)
Jennifer L. Ghidotti (#033071)
**DOW LAW OFFICE**
3104 E. Camelback #281
Phoenix, Arizona 85016
Phone: 480.776.5039
Fax: 480.945.0553
Email: Ddowlaw1@gmail.com
        Jlevine@ddowlaw.com
*Attorneys for Plaintiffs*

Benjamin Taylor
**Taylor & Gomez, LLP**
2600 North 44th Street, Suite B-101
Phoenix AZ, 85008
BT@taylorgomezlaw.com
*Attorney for Plaintiffs*

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNT

| | |
|---|---|
| Dion Humphrey and William Humphrey, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHOENIX, a municipal entity; JOHN AND/OR JANE DOES I-X, individual(s) acting under the color of law; ABC CORPORATIONS I-X; and XYZ LLCs I-X <br><br> Defendants | Case No.  CV2021-000252 <br><br> **Plaintiffs' Demand for Jury Trial** |

Plaintiffs, by and through undersigned counsel, demand a trial by jury in this case on all matters triable to a jury.

RESPECTFULLY SUBMITTED this 7th day of January, 2021.

1

**DOW LAW OFFICE**

By: _/s/ **_David Dow_**___
David W. Dow
3104 E. Camelback Road, Suite 281
Phoenix, AZ 85016
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY

2021 JAN 13 AM 11: 45

IN RE THE MATTER OF:

WILLIAM HUMPHREY, et al.
   VS.
CITY OF PHOENIX

AFFIDAVIT OF SERVICE
CV2021-000252

The undersigned being authorized to serve certifies under penalty of perjury: on the 7th day of January 2021, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon the City of Phoenix, by serving the Phoenix City Clerk, by serving Connie Haesloop, Special Deputy to the Clerk and stated authorized to accept, a Hispanic female, about 50 years old, 5'7", about 160 pounds with gray hair, at the place and time listed below,

ADDRESS: 200 W. Washington St.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: January 8, 2021 TIME: 1:01 PM

I certify under penalty of perjury the foregoing is true and correct. Executed on January 13, 2021.

Gary J. Viscum
MC 8532

# EXHIBIT "2"

John T. Masterson, Bar #007447
Derek R. Graffious, Bar #033486
JONES, SKELTON & HOCHULI P.L.C.
40 N Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-7330
Fax: (602) 200-7846
jmasterson@jshfirm.com
dgraffious@jshfirm.com
minuteentries@jshfirm.com

Attorneys for Defendant City of Phoenix

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| DION HUMPHREY, an individual; and WILIAM HUMPHREY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHOENIX, a municipal entity; JOHN AND/OR JANE DOES I-X, individual(s) acting under the color of law; ABC CORPORATIONS I-X; and XYZ LLCs I-X, <br><br> Defendants. | NO. CV2021-000252 <br><br> **NOTICE OF FILING NOTICE OF REMOVAL IN UNITED STATES DISTRICT COURT** <br><br> (Assigned to the Honorable Roger Brodman) |

Defendant City of Phoenix, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, notifies this Court that it filed a Notice of Removal of this action from the Superior Court of the State of Arizona, in and for the County of Maricopa, to the United States District Court for the District of Arizona on January 28, 2021. A copy of the Notice of Removal (exclusive of exhibits) is attached hereto as **Exhibit 1**.

Pursuant to 28 U.S.C. § 1446(d), the filing of the notice effects the removal of this action to federal court "and the State court shall proceed no further unless and until the case is remanded."

DATED this 28th day of January, 2021.

JONES, SKELTON & HOCHULI P.L.C.


By  /s/ Derek R. Graffious
John T. Masterson
Derek R. Graffious
40 N Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant City of Phoenix

ORIGINAL of the foregoing electronically filed
this 28th day of January, 2021.

COPY of the foregoing e-mailed
this 28th day of January, 2021, to:


David W. Dow
Jennifer L. Ghidotti
DOW LAW OFFICE
3104 E. Camelback #281
Phoenix, AZ 85016
Ddowlaw1@gmail.com
Jlevine@ddowlaw.com
Attorneys for Plaintiffs

Benjamin Taylor
TAYLOR & GOMEZ, LLP
2600 North 44th Street, Suite B-101
Phoenix, AZ 85008
BT@taylorgomezlaw.com
Attorney for Plaintiffs


 /s/ Cindy Castro

9083114.1